

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711  *Overruled by A-194 where conflicts*

June 23, 1971

Honorable George K. Smith
County Auditor
Records Building
Dallas, Texas 75202

Opinion No. M-892

Re: Whether proceeds from the sale of bonds issued by Dallas County for road improvements may be commingled with other monies under authority of Article VIII, Section 9, Texas Constitution.

Dear Mr. Smith:

You ask whether your county can transfer certain funds to the counties consolidated "General Fund" from a "Capital Improvement Fund" made up of proceeds from the sale of a certain issue of tax supported road bonds.

Article VIII, Section 9, Texas Constitution, as amended in 1967, reads, in part:

> ". . . Any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax . . ." (Emphasis added)

This language of the Constitution is clear that the "General Fund" is to be made up of funds raised by taxation and not proceeds from the sale of bonds.

Our prior Opinion No. M-207 (1968) reads, in part:

> ". . . The 1967 amendment to Section 9 bestowing power upon any county to put all its tax money into one fund does not require that this be done, but instead confers the power subject to the good judgment of the Commissioners Court, so long as it does not impair outstanding bonds or obligations. Limited exercise of conferred power, as under the facts here,

4347

is well recognized by our Courts. cf. State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737, 743 (1960)." (Emphasis added).

It is also elementary that the proceeds from the sale of county bonds can only be used for the purpose authorized and may not be diverted to other purposes or uses. Barrington v. Cokinas, 161 Tex. 136, 338 S.W.2d 133 (1960).

In view of the constitutional limitation on monies eligible for deposit in the General Fund, as well as the restrictions on the use of bond proceeds, we find no merit in the proposition that bond proceeds or a portion thereof are subject to deposit in such fund pending their expenditure.

## S U M M A R Y

Section 9 of Article VIII, Texas Constitution, as amended in 1967 allows a county to deposit all tax money collected by the county in one general fund, without regard to the purpose or source of each tax, but does not permit the deposit of bond proceeds in the general fund.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Austin Bray
Jack Goodman
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant